■ JAMES GRESIS, Appellant, v. GARTH MANOR CORP., Defendant, and TOWN OF EASTCHESTER, Respondent.— In an action by a volunteer fireman to recover damages for personal injury, plaintiff appeals from an order of the Supreme Court, Westchester County, dated April 22, 1963, which granted the motion of the defendant Town of Eastchester, under rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it appears on its face that it fails to state facts sufficient to constitute a cause of action against the town. The appeal is limited by the plaintiff's brief to one question: whether, as a volunteer fireman, he may invoke section 205-a of the General Municipal Law to sustain, as against the town, the validity of the second cause of action pleaded in his complaint. Order affirmed, without costs. The complaint pleads two causes of action: The first cause of action alleges: (a) that the defendant Town of Eastchester is a municipal corporation; (b) that the defendant Garth Manor Corp. is a domestic corporation which owns, operates and controls certain premises in the town; (c) that on July 1, 1961 plaintiff was a volunteer fireman and, while lawfully present in said premises fighting a fire, he sustained personal injury; (d) that defendants were negligent and plaintiff was free from contributory negligence; (e) that plaintiff was employed by the defendant town as a volunteer fireman; and (f) that, when injured, he was actively engaged in the performance of his duties as such a

volunteer fireman. The second cause of action realleges the foregoing allegations and further alleges: (1) that plaintiff's injuries occurred, directly or indirectly, as a result of the defendants' failure " to obey and abide by " the rules, regulations and statutes then in effect, particularly the Town's Fire Prevention Code; and (2) that to recover damages for such injuries, plaintiff "makes claim herein under Section 205-a of the General Municipal Law of the State of New York ". In our opinion, section 19 of the Volunteer Firemen's Benefit Law is determinative of this appeal. This section provides, in part, as follows: " § 19. Exclusiveness of remedy. The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman, or his spouse, parents, dependents, next of kin, executor or administrator, or anyone otherwise entitled to recover damages, at common law or otherwise, for or on account of an injury to a volunteer fireman in line of duty or death resulting from an injury to a volunteer fireman in line of duty, as against (1) the political subdivision liable for the payment of such benefits, (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member, whether or not pursuant to a contract for fire protection, even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted ". Mandatory coverage of volunteer firemen was provided by a 1947 statute (ch. 794, eff. March 1, 1948), which extended the coverage of the Workmen's Compensation Law to volunteer firemen. The Workmen's Compensation Law (§ 11) provides that the liability of an employer "shall be exclusive and in place of any other liability whatsoever," to his employees. This section was applicable to volunteer firemen. In 1956 the Volunteer Firemen's Benefit Law was enacted (ch.. 696). Section 19 thereof, titled " Exclusiveness of remedy", with reference to the liability of a municipality-employer, is set forth above. In our view, said section 19 prescribes the exclusive remedy of volunteer firemen against the municipal entities enumerated therein (*Williams* v. *Hartshorn*, 296 N. Y. 49; *Caulfield* v. *Elmhurst Contr. Co.*, 268 App. Div. 661, affd. 294 N. Y. 803). " The purpose of the statute is clear. The employer or carrier must provide the statutory compensation for accidental injury arising out of and in the course of his employment regardless of whether or not the injury was due to the employer's wrong or negligence. Against the employer the statutory remedy is exclusive " (*Matter of Parchefsky* v. *Kroll Bros.*, 267 N. Y. 410, 415). " It is of the essence of workmen's compensation that the benefits therein provided as to any accidental injury or occupational disease are exclusive, and that, once the Legislature has specified those benefits, no damages or remedies against the employer are available elsewhere " (*Cifolo* v. *General Elec. Co.*, 305 N. Y. 209, 214). The point raised in the *amicus curiæ* brief is not decided upon this appeal, since the complaint avers that plaintiff was employed by the town as a volunteer fireman and since its allegations are deemed to be true for the purposes of this motion addressed to its legal sufficiency. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.