Harold Baer, J.
Petitioner brings this special proceeding under .subdivision 12 of section 63 of the Executive Law to permanently enjoin and restrain the respondents from conducting and transacting their business in a “ persistently fraudulent and illegal manner ’ ’, and to direct restitution to all consumers *91 of the amount charged for services not rendered, plus triple damages, pursuant to section 206 of the General Business L'aw.
The General Business Law does require every hotel to post ‘ ‘ a statement of the * * * charges by the day and for meals furnished and for lodging”. It further provides that “No charge or sum shall be collected or received by any such hotel keeper or inn keeper for any service not actually rendered ”.
Between December 2, 1969 and May 21, 1970 the respondents did add to each bill of each customer a 2% charge for sundries. The respondents contend that this was a proper charge because of the peculiar needs of their clientele, and the capital cost and maintenance cost of their internal communications system. They also contend that counsel for the New York State Hotel and Motel Association, of which they are members, advised of the propriety of such charges. This latter contention is not borne out by an advisory letter dated April 17, 1970, wherein respondents were advised that it was ‘ ‘ Improper to charge guests for interior calls or interior service other than through his room rent. ’ ’ They were advised in the same communication that such charges should be ‘ ‘ included in the room rent ’ ’ or “if separately stated, should be clearly identified”.
The respondents’ plea in defense or amelioration is grossly mistaken. Of course, they could charge more for the room but it was fraudulent and deceitful to add to each billing after the room charge “ Sund’s ” without any explanation, itemization or identification.
Respondents argue that there was no violation of section 206 of the General Business Law because that section only prohibits charges “ for any service not actually rendered ” and that message .services in fact were rendered. However, even respondents admit that all of their customers did not receive special, costly messenger service. They contend that 77% did receive such service but admit that 23% did not. None of their customers received any explanation or itemization of the charge for sundries. All of them were charged this 2% during the period in question.
In any event, the practice was fraudulent within the meaning of subdivision 12 of section 63 of the Executive Law, wherein fraud is defined as “ any device, scheme or artifice to defraud and any deception, misrepresentation, concealment * * * or unconscionable contractual provisions.” (Also, see Matter of State of New York v. 1TM, Inc., 52 Misc 2d 39, 48.) Although the 2% charge was discontinued after an inquiry by the petitioner, this in no way restricts the court from restraining the *92 practice, (Matter of State of New York v. Bevis Inds., 63 Misc 2d 1088; Matter of People v. Ludwig Baumann & Co., 56 Misc 2d 153, 159-160.)
“ The business of an innkeeper is of a quasi public character, invested with many privileges and burdened with correspondingly great responsibilities ” (Be Wolf v. Ford, 193 N. Y. 397, 401). The charge for message services delineated as sundries was fraudulent and unconscionable. Accordingly, petitioner’s application is granted to the extent that respondents are permanently enjoined from engaging in the fraudulent and illegal acts and practices complained of herein.
The amount of money to be refunded is admitted. The petitioner, by its Bureau of Consumer Frauds and Protection, investigated the records of the respondents and claims that the 2% charge for sundries during the period in question involved 64,338 customers and amounts to $113,202.83. Frank A. Banks, vice-president and manager of respondent, in an affidavit of June 10,1971, states that during* the period in question transient room sales amounted to $6,329,484. The 2% charge would therefore be over $126,000. However, the exact amount is not important, as the respondents are ordered to refund to each and every customer during the period in question all charges for unexplained sundries. These refunds are to be made within 60 days of the date of service of the judgment herein with notice of entry. Within 30 days thereafter canceled vouchers or copies thereof will be exhibited to the petitioner. If payment cannot be made to any customer for any reason, the amounts thereof will be deposited with the petitioner, who will deposit same with the court if restitution cannot be made (Abandoned Property Law, § 600). Petitioner may suggest another method of creating a fund to assure restitution upon settlement of judgment, if so advised.
If there be disagreement as to the amount involved in the restitution herein ordered, either party may submit an order at the time of settling judgment, for an assessment of damages.
The demand for treble damages is denied. The Executive Law provides for restitution only. The General Business Law provides for treble damages to the injured parties. The injured parties may seek such punitive damages but the petitioner may only obtain restitution for them. The petitioner, in addition to one bill of costs against respondents, is granted an allowance of $2,000 against the respondent Hotel Waldorf-Astoria Corporation (CPLB 8303, subd. [a], par. 6).