Abraham J. Gellihoff, J.
This is a proceeding commenced by the Attorney-General pursuant to subdivision 12 of section 63 of the Executive Law, seeking an injunction and restitution.
Respondents operate a school for the training of paralegal personnel. In their advertising to prospective students, respondents represented that, upon completion of the course of study, graduates would ‘ ‘ earn a high salary starting at $9,000 or more per year.” In material sent to applicants, respondents repeated the prediction of starting salaries, and further stated: “ Paralegal Institute will refund 100% of your $700 tuition and $50 materials charge in the event that, within 60 days after you graduate, you do not obtain an offer of1 a paralegal position at $9,000 or more per year in the city of your choice (as specified in your Application for Admission); provided, however, that you make a bona fide attempt to seek such employment.” Respondents later amended the guarantee, deleting the starting salary, and changing the proviso to read: ‘ ‘ provided, however, that you cooperate in the placement process and make yourself available in the city of your choice for interviews which will be scheduled for you.”
It appears that respondents had an overly optimistic view of the job market for paralegals. Although some of their graduates have been placed, many have not. Several of those who failed to receive jobs have demanded a refund from respondents. Some have received refunds, some have not been paid because of a claimed cash shortage, some have not been paid because respondents claim that the students failed to make a bona fide effort to obtain employment.
The Attorney-General seeks an order restraining respondents from misrepresenting the state of the job market for paralegals, and from making a guarantee offer. Additionally, he seeks an order requiring respondents to make restitution to students who have failed to obtain jobs.
Respondents’ defense to the motion for an injunction is that an injunction is unnecessary since the statements- have been voluntarily discontinued. However, without the court’s mandate, such voluntary discontinuance gives no assurance that the misrepresentations of job opportunities and starting salary will not be recommenced. Accordingly, the application for an injunction is granted (see Matter of People v. Baumann & Co., 56 Misc 2d 153, 159-160; Matter of State of New York v. Bevis Inds., 63 Misc 2d 1088, 1092; Matter of State of New York v. Hotel Waldorf-Astoria Corp., 67 Misc 2d 90, 91-92).
*254 Respondents contest the Attorney-General’s demand for restitution, claiming that some of the complaining students are not entitled to such restitution because of their failure to meet the condition precedent to the guarantee. The court may not summarily deprive respondents of an opportunity to defend against particular claims. On the other hand, the court may not leave unprotected those students who have been victims of respondents’ misstatements.
Accordingly, to do justice to both sides, the motion for restitution is granted to the extent of directing respondents to create a fund in an amount to be suggested on settlement of the order, which will be reasonably sufficient to insure refunds to all students ultimately determined to be entitled thereto (Matter of State of New York v. Bevis Inds., 63 Misc 2d 1088, 1092, supra).