A. Franklin Mahoney, J.
The People of the State of New York, as petitioner, move for an order restraining and enjoining the named corporate and individual respondents from carrying on, conducting and transacting business in a persistently fraudulent and illegal manner; directing restitution for all consumers who have done and are doing business with respondents; canceling certificates of incorporation issued to the two named corporate respondents and ordering their dissolution, and enjoining and restraining the commission and/or continuance of unlawful acts by the named respondents, either corporately or individually (Executive Law, art 5, § 63, subd 12; Business Corporation Law, art 11, § 1101, subd [a], pars [1], [2]; art 1, § 109, subd [a], par [5]; Education Law, art 130, § 6515).
Respondent James D. McMillen, a nonlawyer, appeared personally and filed papers in opposition and, further, purported to appear for all the other named respondents, both corporate and individual. Respondent McMillen also moved to dismiss the petition.
The court shall first dispose of Mr. McMillen’s right to represent respondents other than himself.
Mr. McMillen concededly is not an attorney and, accordingly, lacks standing before the court to represent a corporate defendant. CPLR 321 (subd [a]) requires that a corporation appear in any proceeding by an attorney. Next, sections 478 and 484 of the Judiciary Law prohibit a natural person from appearing or practicing as an attorney for any person other than himself in a court of record in this State. In consequence thereof, all named respondents, other than McMillen, must be regarded as not having appeared in opposition to petitioner’s motion.
Turning now to respondent McMillen’s motion to dismiss the petition, the court is constrained to deny that motion because the grounds advanced are inadequate as a matter of *1070 law. A petition does not fail to state a cause of action because the respondent may have discontinued the practices complained of (Matter of Lefkowitz v E. F. G. Baby Prods., 40 AD2d 364, 367; Matter of State of New York v Person, 75 Misc 2d 252), or because it alleges persistent violations of specified sections of the law (General Business Law, §§ 349, 350) as those allegations may relate to some vague claim of deprivation of due process, or because the petition alleges acts which may constitute a crime. Acts may have both civil and criminal consequences and sanctions and the commencement of a civil proceeding is no bar to a criminal charge, indictment or action and they are not mutually exclusive remedies.* All other grounds advanced by McMillen for petition dismissal are likewise without merit and need no discussion.
The motion to dismiss the petition is denied.
Subdivision 12 of section 63 of the Executive Law authorizes the Attorney-General to apply to the Supreme Court for an order enjoining repeated or fraudulent acts in the carrying on or conduction of any business activity. From the supporting papers and annexed exhibits herein, including the sworn testimony of respondent McMillen taken at investigatory hearings conducted by the Attorney-General, it clearly appears that respondent McMillen held himself out to the public, and to his own employees, to be a doctor of psychology, a doctor of theology, a doctor of metaphysical science as well as a college and university graduate, when, in fact, he was none of these nor had he ever attended or graduated from any school above the high school level. Next, respondent McMillen caused, or participated in the causing, numerous newspaper advertisements, brochures, radio and television spot interviews, to be published wherein representations were made that respondent National Institute of Hypnosis Practices, Inc. (NIHPI) was a national corporation overseeing the practice of hypnosis and only licensed those qualified by education and degree to practice that art, when, in fact, NIHPI was a corporation organized by respondent for the sole purpose of issuing certificates to respondent Therapeutic Hypnosis, Inc. (THI) so that corporation could enhance the dignity of its offices by displaying such certificate on its walls.
There is also undisputed evidentiary allegation that respon *1071 dent McMillen and THI represented to the public that they were qualified and licensed to treat members of the public for physical ailments and, in fact, did so treat some members of the public.
From all of the above, the court finds that all of the named respondents, corporate and individually, made false, inaccurate and misleading representations to the public that they were professionally qualified to practice hypnosis when, in fact, they were not and, further, that they made false and fraudulent representations to the general public, with the intent to deceive, that they had achieved a high percentage of success in curing people of the habits of smoking and overeating when, in fact, there were not any statistics to justify such representations and such representations were in violation of sections 349 and 350 of the General Business Law.
The court also finds that respondent NIHPI was incorporated for unlawful purposes, as was THI, all in violation of section 349 of the General Business Law. Further, it is also the finding of the court that both THI and NIHPI were incorporated for the sole and exclusive purpose of issuing certificates to respondent McMillen and other individuals associated with him to the end that McMillen and others might more successfully hold themselves out to be authorized and degreed practitioners of an implied medical art, all of which was false and in violation of section 6522 of the Education Law.
Judgment is granted pursuant to subdivision 12 of section 63 of the Executive Law permanently enjoining the named respondents, individually and corporately, as well as all incorporators, stockholders, officers, directors, agentó and employees of the corporate respondents from engaging in any of the fraudulent and illegal practices hereinabove particularized; enjoining and restraining all of the same respondents and their agents and/or employees from unlawfully practicing medicine pursuant to section 6515 of the Education Law; canceling certificates of incorporation issue to THI and ordering dissolution of THI (Executive Law, § 63, subd 12; Business Corporation Law, § 1101, subd [a], pars [1], [2]; § 109, subd [a], par [5]); canceling certificates of incorporation issue to NIHPI and ordering its dissolution; prohibiting each and every respondent from engaging in any further business in the State of New York until the order to be entered herein has been complied with; awarding costs against each respondent in the *1072 sum of $1,000 (CPLR 8303, subd [a], par 6); ordering restitution to all aggrieved persons in an amount to be determined by the court after submission with the order herein of an affidavit or affirmation of petitioner particularizing to the extent known of any members of the public caused to expend money for the services proffered by respondents.

 A Schenectady County Grand Jury did indict respondent McMillen for criminal violations of the Education Law.