OPINION OF THE COURT
Aaron E. Klein, J.
Plaintiff has moved this court for an order granting summary judgment in its favor, pursuant to CPLR 3212 (subd [b]). The underlying action is one which seeks, pursuant to section 602 of article 29-H of the General Business Law, an injunction which would enjoin, restrain and prohibit the defendant, his agents, servants or employees from engaging in the following acts and practices which are claimed to be prohibited by the afore-identified section.
The General Business Law provides:
“ §601. Prohibited practices
“No principal creditor, as defined by this article, or his agent shall; ***
“2. Knowingly collect, attempt to collect, or assert a right to any collection fee, attorney’s fee, court cost or expense unless such changes [sic, the word clearly intended to read *604 ‘charges’] are justly due and legally chargeable against the debtor; or ***
“5. Disclose or threaten to disclose information concerning the existence of a debt known to be disputed by the debtor without disclosing that fact; or ***
“8. Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist; or”.
The complaint and moving papers allege that the defendant, a corporation, engaged in the business of dealing in and with televisions, radios and related equipment, and the repair thereof, sold a television set to one Frederick Cobb, Jr., on March 21, 1980, delivered it to, and installed it in his home, and that shortly thereafter, the said appliance malfunctioned, whereupon defendant was called upon to make a repair thereof on March 22, 1980, following which the purchaser allegedly informed the defendant that he intended to return the same, after which on the same day, a bill in the amount of $41.60 was submitted to the purchaser to cover initial delivery, service call and pick-up costs. The purchaser disputed such bill. Following those events, the seller caused a letter to be written to the purchaser dated April 2, 1980, which contained, in part, the following language: “As to your last threat, you can turn us into the honorable: anyone you like. However, if this bill is not paid within 10 days from above date — I am turning you in to the honorable: Frank J. Litz, attorney at law (my brother-in-law who’s [sic] twin brother is the honorable: Leonard Litz, Judge) in which case you shall also be liable for court costs and disbursements. In addition your name will be sent to the credit bureau.” Not only is there no denial in the answering affidavit of Michael Valleta of the contents of such letter, but such affidavit in somewhat different form reiterated the same in paragraph seven of that affidavit.
The attorney’s contention is that the portion of the letter quoted on its face constituted a threat to take legal action through the offices of his brother-in-law attorney who himself is a twin brother of a Judge, and that the clear intendment, thereof, was to cow and frighten the claimed *605 debtor into making payment of a disputed debt, and that there was some implication that the litigation would be unsavory, to say the least, because of the identity of the attorney and his relationship to a Judge. The test in such cases is not the specific intent of the one making such allegation, but rather its effect upon the mind of the reader.
Furthermore, the letter presupposed the automatic application of court costs unless payment was received “within 10 days”. The final contention is that the words “your name will be sent to the credit bureau”, have the self-same intention of enforcing collection of the debt on pain of public exposure.
Clearly, section 601 of the General Business Law, was intended to limit the devices to be used in the collection process, the rationalizations contained in the answering papers, notwithstanding.
Subdivision 2 of that section prohibits the assertion of defendant’s right to court costs unless through litigative means. The language of the letter under attack in using the words: “shall also be liable for court costs and disbursements” is overbroad. The failure to clarify the last sentence of that letter with respect to the submission of the name of the claimed debtor to the credit bureau, without clarification (i.e., by disclosure of the disputed nature thereof) is likewise deceptive, and in contravention of the clear intendment of the statute.
The fact that the defendant may not have intended to do any of the afore-mentioned acts, is of no consequence. Its intention is not the basis upon which the claimed violation of the statute is predicated. It is the effect upon the recipient which obviously is the cornerstone upon which the statute was framed. (See Matter of State of New York v Bevis Inds., 63 Misc 2d 1088.) In this court’s view, there is no triable issue of fact here involved; the statute has been violated in word and spirit.
Accordingly, the motion is granted, and the defendant permanently enjoined from further violation of the identified subdivisions of section 601 of the General Business Law.