■ ALIZA GOLDMAN, Appellant, v SIMON PROPERTY GROUP, INC., Respondent. [818 NYS2d 245]—

In a class action commenced by the plaintiff Aliza Goldman on behalf of herself and others similarly situated, inter alia, to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violations of General Business Law §§ 349 and 396-i, and for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated September 8, 2005, which granted that branch of the defendant's motion which was to dismiss the complaint on the ground that the action is preempted by the National Bank Act.

Ordered that the order is reversed, on the law, with costs,

that branch of the motion which was to dismiss the complaint on the ground that the action is preempted by the National Bank Act is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The plaintiff commenced this class action on or about February 7, 2005 challenging a $2.50 monthly dormancy fee imposed by the defendant in connection with its promotion and sale of Simon Gift Cards (hereinafter the card), and the allegedly improper manner in which such fees are disclosed. Thereafter, the Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint on the ground that the plaintiff's claims were preempted by federal law. The Supreme Court determined that although the card was marketed by a nonbank entity, a national bank was the originating entity which issued the card and, as such, the national bank was the real party in interest. We reverse.

Contrary to the Supreme Court's determination, nothing in the record "conclusively establishes" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]) that the national bank, as opposed to the defendant, is the real party in interest (*see Flowers v EZPawn Okla., Inc.*, 307 F Supp 2d 1191, 1205 [ND Okla 2004]). The record indicates that the defendant and the national bank are separate entities (*see SPGGC, Inc. v Blumenthal*, 408 F Supp 2d 87, 93-94 [D Conn 2006]; *Colorado ex rel. Salazar v Ace Cash Express, Inc.*, 188 F Supp 2d 1282, 1284-1285 [D Colo 2002]). More importantly, the record indicates that it is the defendant, and not the bank, that sells and markets the card, and charges and collects the disputed fees (*cf. Krispin v May Dept. Stores Co.*, 218 F3d 919, 924 [8th Cir 2000]).

Because the Supreme Court dismissed this action solely on the ground that it is preempted by the National Bank Act (12 USC § 21 *et seq.*), it did not reach those branches of the defendant's motion which were to dismiss each cause of action on the merits. Those branches of the motion remain pending and undecided (*see Matter of Jones v Amicone*, 27 AD3d 465 [2006]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination of those branches of the defendant's motion. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.