■ ELAINE LLANOS, Appellant, v SHELL OIL COMPANY et al., Respondents. [866 NYS2d 309]—

In a proposed class action, inter alia, to recover damages for violation of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated May 18, 2007, which granted that branch of the defendants' motion which was to dismiss the complaint on the ground that the action is preempted by General Business Law § 396-i.

Ordered that the order is reversed, on the law, that branch of the defendants' motion which was to dismiss the complaint on the ground that the action is preempted by General Business Law § 396-i is denied, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.

The defendants sell prepaid gift cards that are subject to a dormancy fee of $1.75 per month if not used for more than 12 months. The plaintiff allegedly purchased several of the cards, the balances of which were reduced to zero by the dormancy fees. She commenced this proposed class action, inter alia, to recover damages for violation of General Business Law § 349, breach of contract based on, among other things, the implied covenant of good faith and fair dealing, and unjust enrichment. The plaintiff alleged, among other things, that the cards are deceptively marketed and fail to adequately disclose the existence of the dormancy fee. The defendants moved to dismiss the complaint as preempted by General Business Law § 396-i, and pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint as preempted by General Business Law § 396-i. We reverse.

General Business Law § 396-i regulates certain "gift certificates," which are defined to include gift cards (see General Business Law § 396-i [1]; Lonner v Simon Prop. Group, 57 AD3d 100 [2d Dept 2008]; Goldman v Simon Prop. Group, Inc., 31 AD3d 382 [2006]; Senate Introducer Mem in Support, Bill Jacket, L 2004, ch 170, at 3; 2004 McKinney's Session Laws of NY, at 1709). The section requires, inter alia, that the terms and conditions of the same "shall be clearly and conspicuously stated thereon," including "whether any fees are assessed against the balance of the gift certificate" (General

Business Law § 396-i [3]). The Attorney General is granted various powers under the section, including the authority to seek injunctive relief, restitution, and civil penalties against violators (*see* General Business Law § 396-i [4]). The section does not expressly provide for a private right of action (*compare* General Business Law § 349 [h]). The provisions of the section are "exclusive and shall preempt any provisions of local law, ordinance or code, and no locality shall impose requirements that are inconsistent with or more restrictive than those set forth in this section" (General Business Law § 396-i [6]). Here, the defendants contend, each of the plaintiff's causes of action are premised upon an alleged violation of General Business Law § 396-i, and there is no private right of action thereunder. Rather, they argue, the section's grant of powers to the Attorney General, and use of the word "exclusive," evinces a legislative intent to vest the Attorney General with the exclusive authority to enforce a violation of the section. However, this argument lacks merit.

The plaintiff did not expressly plead a cause of action to recover damages for a violation of General Business Law § 396-i. Thus, we need not determine whether there is an implied private right of action thereunder (*see generally Sheehy v Big Flats Community Day,* 73 NY2d 629 [1989]; *CPC Intl. v McKesson Corp.,* 70 NY2d 268 [1987]). Otherwise, it is a fundamental tenet of statutory construction that the Legislature is presumed to be aware of the law in existence at the time of an enactment and to have abrogated the common law only to the extent that the clear import of the language of the statute requires (*see B & F Bldg. Corp. v Liebig,* 76 NY2d 689 [1990]). Further, "[t]he general rule is and long has been that 'when the common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute' " (*Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 324 [1983], quoting *Candee v Hayward,* 37 NY 653, 656 [1868]). Here, nothing in the clear import of the language of General Business Law § 396-i requires a conclusion that the Legislature intended to abrogate any common-law remedy arising from alleged deceptive or improper practices concerning gift certificates or cards. The exclusivity provision of the section cited by the defendants preempts only local legislation concerning gift certificates or cards that is inconsistent with or more restrictive than that set forth in the section (*see* General Business Law § 396-i [6]; Senate Introducer Mem in Support, Bill Jacket, L 2004, ch 170, at 3; 2004 McKinney's Session Laws of NY, at 1709). Nor are the remedies granted to the Attorney General under General Business Law § 396-i for such

alleged conduct made exclusive. Finally, in general, a General Business Law § 349 cause of action may be maintained as to "all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state" (General Business Law § 349 [g]; *Farino v Jiffy Lube Intl.*, 298 AD2d 553 [2002]; *Walts v First Union Mtge. Corp.*, 259 AD2d 322, 323 [1999]). Thus, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the complaint on the ground that the action is preempted by General Business Law § 396-i.

Because the Supreme Court directed the dismissal of the complaint solely on the ground that the action was preempted by General Business Law § 396-i, it did not reach those branches of the defendants' motion which were to dismiss each cause of action on the merits (*see Goldman v Simon Prop. Group, Inc.*, 31 AD3d 382 [2006]). Those branches of the motion remain pending and undecided (*see Goldman v Simon Prop. Group, Inc.*, 31 AD3d 382 [2006]). Accordingly, we remit the matter to the Supreme Court, Rockland County, to determine those branches of the defendants' motion. Mastro, J.P., Ritter, Carni and Eng, JJ., concur.