In an action to recover damages for wrongful death and personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered March 26, 2009, as granted those branches of the separate motions of the defendant Village of Malverne and the defendant Malverne Fire Department/ Norwood Hook, Ladder & Hose Company #1 which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of those defendants, and, in effect, denied, as academic, that branch of her cross motion which was to conduct certain discovery at the premises of the defendant Malverne Fire Department/Norwood Hook, Ladder & Hose Company #1.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs decedent, a volunteer firefighter with the defendant Malverne Volunteer Firefighter Department, sued herein as Malverne Fire Department/Norwood Hook, Ladder & Hose Company #1 (hereinafter the MVFD), was performing work on the top of a fire truck in the MFVD’s fire house. Another firefighter, not realizing that the decedent was working on the top of the truck, began to drive the truck out of the fire house. The decedent was pinned between the top of the truck *692 and either the ceiling or a ceiling beam. He then fell from the truck, and later died due to the injuries he sustained.
The decedent’s widow (hereinafter the plaintiff) commenced the instant action individually and in her capacity as the administrator of the decedent’s estate. Insofar as relevant herein, the Supreme Court granted those branches of the separate motions of the defendants MVFD and the Village of Málveme which were to dismiss the complaint insofar as asserted against each of those defendants on the ground that General Municipal Law § 205-a is not applicable to a volunteer firefighter’s line-of-duty injuries sustained in a fire house, and, in effect, denied, as academic, that branch of the plaintiff’s cross motion which was to compel certain discovery.
We affirm, but for a reason different from that stated by the Supreme Court. The plaintiff’s claims asserted against the MVFD and the Village (hereinafter together the respondents) are barred by Volunteer Firefighters’ Benefit Law § 19. That provision makes the benefits provided by the Volunteer Firefighters’ Benefit Law the exclusive remedy of an administrator of a volunteer firefighter’s estate, a volunteer firefighter’s spouse, “or anyone entitled to recover damages” on account of a line-of-duty injury sustained by a volunteer firefighter, against, among others: “(1) the political subdivision liable for the payment of such benefits, (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member, whether or not pursuant to a contract for fire protection, even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted.” Since the plaintiff seeks to recover damages both in her capacity as the administrator of the decedent’s estate, and in her individual capacity as his widow, and the respondents are among those enumerated in the statute, the plaintiffs claims asserted against them here are barred (see Gresis v Garth Manor Corp., 20 AD2d 726 [1964]).
There is no merit to the plaintiffs contention that, notwithstanding the exclusivity provision of the Volunteer Firefighters’ Benefit Law, she is nonetheless entitled to recover from the respondents under the provisions of General Municipal Law § 205-a. Contrary to her contention, General Municipal Law § 205-a does not provide for a recovery from the respondents in addition to that provided by the various provisions of the Volunteer Firefighters’ Benefit Law. The Legislature was clearly aware of the provisions of the General Municipal Law, first *693 enacted in 1909, when it enacted the Volunteer Firefighters’ Benefit Law in 1956 (see Memorandum of Joint Legislative Committee on Fire Laws, reprinted in McKinney’s Cons Laws of NY, Book 63B, at xi, referring to General Municipal Law § 205), and did not provide an exception to the Volunteer Firefighters’ Benefit Law for General Municipal Law § 205-a. When it subsequently amended General Municipal Law § 205-a in 1996 and again in 1999, the Legislature again failed to provide that the additional remedies contained in General Municipal Law § 205-a were in addition to, and not barred by, the provisions of Volunteer Firefighters’ Benefit Law § 19. The Legislature is presumed to know the law in existence at the time it enacts legislation which, in this case, includes our 1964 holding in Gresis, as well as the effect and implication of its own enactments (see Llanos v Shell Oil Co., 55 AD3d 796, 798 [2008]; Matter of Rhodanna C.B., 36 AD3d 106, 109 [2006]; see also Matter of Department of Social Servs. v Thomas J. S., 100 AD2d 119, 128 [1984]). Since the Legislature failed to provide that the additional rights granted pursuant to General Municipal Law § 205-a were not barred by Volunteer Firefighters’ Benefit Law § 19, there is no basis to depart from our previous holding in Gresis and now permit the plaintiff to proceed under General Municipal Law § 205-a.
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Florio, J.P., Angiolillo, Hall and Austin, JJ., concur. [Prior Case History: 2009 NY Slip Op 30688(U).]