11-4430-cv
Schlessinger v. Valspar Corp.

UNITED STATES COURT OF APPEALS

For the Second Circuit

_____

August Term, 2011

(Submitted:  March 29, 2012                    Decided: July 24, 2013)

Docket No. 11-4430-cv

_____

LORI SCHLESSINGER, BRENDA PIANKO,

*Plaintiffs-Appellants*,

—v.—

VALSPAR CORPORATION,

*Defendant-Appellee.*

_____

Before: STRAUB, POOLER, *Circuit Judges*, and KORMAN, *Senior District Judge*.[1]

_____

Appeal from an Order of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*) dated September 23, 2011 granting Defendant-Appellee's motion to dismiss for failure to state a claim upon which relief can be granted.  Recognizing that this case involved unresolved issues of New York State law, we certified to the New York Court of Appeals the following two questions: (1) May parties seek to have contractual provisions that run contrary to General Business Law § 395-a declared void as against public policy? And (2) May plaintiffs bring suit pursuant to § 349 on the theory that defendants deceived them by including a contractual provision that violates § 395-a and later enforcing this agreement?

The New York Court of Appeals has responded in the negative to both questions. We therefore **AFFIRM** the order of the District Court.

---

[1] The Honorable Edward R. Korman, Senior District Judge, United States District Court for the Eastern District of New York, sitting by designation.

1

DANIEL A. EDELMAN, (Cathleen M. Combs *on the brief*), Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, Lawrence Katz, Cedarhurst, NY, *for Plaintiffs-Appellants*.

PAULA J. MORENCY, (Aphrodite Kokolis, Jeannice D. Williams *on the brief)*, Schiff Hardin LLP, Chicago, IL, David Jacoby, Schiff Hardin LLP, New York, NY, *for Defendant-Appellee*.

PER CURIAM:

This case returns to us after our certification of two questions to the New York Court of Appeals. Our certification order sets forth the relevant background of this dispute, *see Schlessinger v. Valspar Corp.*, 686 F.3d 81 (2d Cir. 2012) ("*Schlessinger II*"), which we summarize only as necessary to explain our decision to AFFIRM.

Plaintiffs Lori Schlessinger and Brenda Pianko separately purchased furniture from the Fortunoff Department Store and a Furniture Protection Plan ("the Plan") issued and maintained by Defendant Valspar Corporation. Pursuant to each Plan, Valspar agreed to repair or replace the covered furniture in the event that it suffered certain kinds of damage. *Schlessinger II,* 686 F.3d at 83. The Plan's so-called "store closure provision" provided that, in the event that the store location where the furniture was purchased closed, Valspar would provide a refund of the original purchase price of the Plan. *Id.* Fortunoff subsequently went

bankrupt, and when Plaintiff Pianko[2] submitted her claim, Valspar refunded her payment of the Plan's purchase price. *Id.*

Plaintiffs argue that that the store closure provision is contrary to New York General Business Law ("GBL") § 395-a which provides that, barring exceptions not applicable here, "No maintenance agreement covering parts and/or service shall be terminated at the election of the party providing such parts and/or service during the term of the agreement unless prior to or upon delivery of a copy of the agreement." N.Y. Gen. Bus. Law § 395-a(2). We assume, as did the District Court and the New York Court of Appeals, that the store closure provision violates § 395-a. Plaintiffs' first claim alleges that, after the store closure provision is struck from the contract as against public policy, Valspar breached the contract when it refused to service Pianko's furniture. *See Schlessinger II*, 686 F.3d at 85. Plaintiffs' second claim seeks damages under New York GBL § 349 under the theory that by selling the Plan containing the store closure provision and denying claims based on that provision, Valspar engaged in an actionable deceptive practice. *Id.* at 88.

By opinion dated September 23, 2011, the District Court granted Valspar's motion to dismiss in its entirety. *See Schlessinger v. Valspar Corp.*, 817 F. Supp. 2d 100 (E.D.N.Y. 2011) ("*Schlessinger I*"). According to the District Court's analysis, no private right of action exists under § 395-a, and Plaintiffs could not create one by alleging a breach of contract claim or by invoking the private right of action in § 349. *Id.* at 105, 111.

---

[2] Schlessinger does not allege that her furniture has been stained or damaged, or that she has made any claim under the Plan. *Schlessinger II,* 686 F.3d at 83-84. Thus, the breach of contract claim is asserted only by Pianko.

3

After hearing oral argument, we noted that this appeal turned on unresolved issues of New York law, and therefore certified two questions to the New York Court of Appeals:

1. May parties seek to have contractual provisions that run contrary to General Business Law § 395-a declared void as against public policy?

2. May plaintiffs bring suit pursuant to § 349 on the theory that defendants deceived them by including a contractual provision that violates § 395-a and later enforcing this agreement?

*Schlessinger II,* 686 F.3d at 89.

The New York Court of Appeals accepted certification, *Schlessinger v. Valspar Corp.,* 975 N.E.2d 489 (N.Y. 2012), and in a May 30, 2013 opinion, it answered our questions in the negative. The New York Court of Appeals held that "General Business Law § 395-a does not make contract clauses that contradict its terms null and void; and that violation of section 395-a alone does not give rise to a cause of action under General Business Law § 349." *Schlessinger v. Valspar Corp.*, --- N.E.2d ----, 2013 WL 2338425 (N.Y. May 30, 2013) (*Schlessinger III*), slip op. at 2.

Although its analysis was not identical to that of the District Court, the Court of Appeals' decision confirms that both claims were properly dismissed. As to the claim for breach of contract, the Court of Appeals reasoned that "[u]nlike certain other provisions in the General Business Law, there is no express or implied private right of action to enforce section 395-a." *Id.* at 5-6. Rather, "the Legislature chose to assign enforcement exclusively to government officials." *Id.* at 5. Nor did the Legislature "include in section 395-a specific

4

language invalidating inconsistent contract provisions, as it did elsewhere in the General Business Law," *id.* at 6 (citing GBL §§ 23[4][b], § 198-a [i], § 340[1], and § 399-c [2][b].). Relying on its precedent in *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship,* 906 N.E. 2d 1049 (N.Y. 2009), the Court of Appeals noted that the "purported claim would not have existed absent provisions in a statute" and therefore allowing the cause of action would "'invite a backdoor private cause of action to enforce that statute.'" *Schlessinger III*, 2013 WL 2338425, slip op. at 6, quoting *Kerusa*, 906 N.E. 2d. at 1059. Thus, a party may not seek to have a contractual provision declared void as against public policy based on the theory that it runs contrary to GBL § 395-a. Because Pianko's breach of contract claim can only succeed if the store closure provision is declared void as against public policy, it was properly dismissed. *See Schlessinger I*, 817 F. Supp. 2d at 105, 109.

As to Plaintiffs' second claim, the Court of Appeals held that Plaintiffs' proposed understanding of § 349 was "too attenuated to be plausible." *Schlessinger III*, 2013 WL 2338425, slip op. at 8. Section 349, it found, "does not grant a private remedy for every improper or illegal business practice," and "cannot fairly be understood to mean that everyone who acts unlawfully, and does not admit the transgression, is being 'deceptive,'" within the meaning of that statute. *Id.* Rather, § 349 is limited to those practices which "may tend, in [themselves], to deceive consumers." *Id.* at 8-9. To illustrate the point, the Court of Appeals juxtaposed the facts of this case – in which the termination provision allegedly violated a provision of New York law – with the facts of *Llanos v. Shell*

5

*Oil Co.,* 866 N.Y.S. 2d 309 (N.Y. App. Div. 2008), *Lonner v. Shell Prop. Grp.,* 866 N.Y.S. 2d 239 (N.Y. App. Div. 2008) and *Goldman v. Simon Prop. Grp*., 869 N.Y.S. 2d 125 (N.Y. App. Div. 2008), in which plaintiffs alleged that certain restrictions on their gift cards were printed in small type and concealed on the back of the card sleeve. Although this practice was prohibited by New York GBL § 396-i which, like § 395-a, grants the Attorney General the exclusive power of enforcement, it could fall under the broader umbrella of deceptive practices. *See, e.g., Llanos*, 866 N.Y.S. 2d at 310-11. By contrast, the inclusion of the store closure provision at issue here is not inherently deceptive but problematic only by virtue of § 395-a. Plaintiffs therefore essentially seek, as the District Court noted, to use the private right of action in § 349(h) to enforce the statutory prohibition in § 395-a. *See* 2013 WL 2338425, slip op. at 8-9. Accordingly, the District Court properly dismissed Plaintiffs' second claim.

We therefore AFFIRM the decision of the District Court.