15-1506-cv
Treiber v. Aspen Dental Management, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand sixteen.

PRESENT:  REENA RAGGI,
    DEBRA ANN LIVINGSTON,
    CHRISTOPHER F. DRONEY,
     *Circuit Judges.*

-----------------------------------------------------------------------

CAROL TREIBER, on behalf of herself and all others similarly situated, LESLIE TALMAN, on behalf of herself and all others similarly situated, LORI SLAUTER, on behalf of herself and all others similarly situated, RODNEY HERRING, on behalf of himself and all others similarly situated, PATRICIA HUDDLESTON, on behalf of herself and all others similarly situated, CARL DORSEY, on behalf of himself and all others similarly situated, IRENE EVERS, on behalf of herself and all others similarly situated, ISABELLE REALI, on behalf of herself and all others similarly situated, GERALDINE LANGFORD, on behalf of herself and all others similarly situated, TROY FULWOOD, on behalf of himself and all others similarly situated, KATHRYN HOVLAND, on behalf of herself and all others similarly situated,

     *Plaintiffs-Appellants,*

   v.        No. 15-1506-cv

1

ASPEN DENTAL MANAGEMENT, INC., ROBERT A. FONTANA, LEONARD GREEN & PARTNERS, L.P., ADMI CORPORATION, ADMI HOLDINGS, L.P., GREEN EQUITY INVESTORS V, L.P., GREEN EQUITY INVESTORS SIDE V, L.P., LGP SMILE COINVEST, LLC,

*Defendants-Appellees.*

------------------------------------------------------------------------

APPEARING FOR APPELLANTS: JEFFREY M. NORTON, Newman Ferrara LLP (Brian S. Cohen, Cohen Law Group, P.C., *on the brief*), New York, New York.

APPEARING FOR APPELLEES: PAUL ALESSIO MEZZINA, King & Spalding, LLP, Washington, D.C. (Graciela M. Rodriguez, King & Spalding LLP, Daniel J. French, French Alcott, PLLC, Gabriel Mark Nugent, Barclay Damon LLP, *on the brief*).

APPEARING FOR AMICI CURIAE: JAMES FLYNN (Robert I. Harwood, *on the brief)*, Harwood Feffer LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 27, 2015, is AFFIRMED.

Plaintiffs, individuals who sought and obtained dental treatment from dentists allegedly employed by defendant corporate entities, appeal from the dismissal of their complaint for lack of standing, see Fed. R. Civ. P. 12(b)(1), and from the denial of leave to amend. On appeal of a Rule 12(b)(1) dismissal, "we review factual findings for clear error and legal conclusions de novo, accepting all material facts alleged in the complaint as

2

true and drawing all reasonable inferences in the plaintiff's favor." Liranzo v. United States, 690 F.3d 78, 84 (2d Cir. 2012). We review a denial of leave to amend for abuse of discretion, see Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), except where the denial is based on an interpretation of law, which we review de novo, see TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Standing

To demonstrate Article III standing, a plaintiff must allege "a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). Plaintiffs assert that they adequately alleged injury in the form of payments made for dental products and services deceptively represented by defendants as being provided by a legitimate dental practice, when, in fact, the dental practices violated state-law bans on the corporate practice of medicine.[1]

After an independent review of the record, we conclude, like the district court, that these payments are not enough to manifest redressable injury. Insofar as the crux of

---

[1] New York's corporate practice of medicine doctrine is codified in various provisions of New York's Education Law, Business Corporation Law, and Limited Liability Company Law. See Treiber v. Aspen Dental Mgmt., Inc., 94 F. Supp. 3d 352, 361−62 (N.D.N.Y. 2015) (explaining how various New York statutory provisions operate in concert to prohibit "corporations from practicing health care professions that require state licensure, such as medicine and dentistry").

3

plaintiffs' complaint is defendants' proscribed corporate practice of medicine, New York law leaves enforcement to the Attorney General, affording no enforcement rights to consumers. See Schlessinger v. Valspar Corp., 21 N.Y.3d 166, 171−73, 969 N.Y.S.2d 416, 418−20 (2013); see generally Warth v. Seldin, 422 U.S. 490, 500 (1975) ("Although standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal . . . it often turns on the nature and source of the claim asserted.").

Plaintiffs assert that they allege a distinct injury attributable to defendants' deceptive representations. The argument cannot succeed where defendants' practice "is not inherently deceptive but [becomes] problematic only" because it violates "provision[] of New York law" prohibiting non-dentist ownership of dental practices. Schlessinger v. Valspar Corp., 723 F.3d 396, 399 (2d Cir. 2013). Such is the case here. Plaintiffs do not allege that they were treated by any unlicensed dentists, that any doctor committed malpractice, that they were ever billed for services that they did not need or receive, or that they suffered injury from any other conduct that, in itself, might "tend[] to deceive consumers." Schlessinger v. Valspar Corp., 21 N.Y.3d at 172, 969 N.Y.S.2d at 419.[2]

While plaintiffs' assertion of price gouging might, properly pled, demonstrate injury, because the allegation is wholly conclusory and unsupported by any facts, it is insufficient to support standing. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[B]are

---

[2] Insofar as plaintiffs cite cases in which standing was premised on actual injury from the receipt of services from an unlicensed physician, such cases are distinguishable on their facts and, therefore, are not applicable here.

4

assertions . . . are conclusory and not entitled to be assumed true."). Plaintiffs concede that they did not plead a premium price theory in their complaint. See Appellants' Reply Br. 5−6. Further, they fail to demonstrate how the value differential between the dental services as advertised and the care received can be measured. See generally Baur v. Veneman, 352 F.3d 625, 632 (2d Cir. 2003) ("[T]he requirement of concrete injury recognizes that if an injury is too abstract, the plaintiff's claim may not be capable of, or otherwise suitable for, judicial resolution.").

People by Lefkowitz v. Therapeutic Hypnosis, Inc., 83 Misc. 2d 1068, 374 N.Y.S.2d 576 (Sup. Ct., Special Term, 1975), cited by plaintiffs, warrants no different conclusion because it was a state-law-authorized enforcement action by the Attorney General in state court. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985) ("Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's . . . standing in state court."); see also Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 934 (8th Cir. 2012) ("State courts may afford litigants standing to appear where federal courts would not, but whether they do so has no bearing on the parties' Article III standing in federal court" (internal quotation marks omitted)). That same reasoning defeats plaintiffs' efforts to ground their own Article III standing in New York's decision to allow insurers to pursue claims against fraudulently incorporated medical corporations.

5

Because plaintiffs have not demonstrated the cognizable injury necessary for Article III standing, the district court properly dismissed the complaint under Rule 12(b)(1).

2.      Leave to Amend

We identify no error in the district court's denial of leave to amend.   Plaintiffs, who had already once amended their pleadings after defendants filed motions to dismiss, failed to show how amendment could have demonstrated a cognizable injury sufficient to support Article III standing.    Thus, any further amendment would have been futile.   See TechnoMarine SA v. Giftports, Inc., 758 F.3d at 505−06.

3.      Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court