55 N.Y.2d 1015 (1982)
In the Matter of the Attorney-General of the State of New York, Respondent,
v.
Curtis Katz et al., Appellants.
Court of Appeals of the State of New York.
Argued February 9, 1982.
Decided February 23, 1982.
Gary M. Rosenberg and Harold Zucker for Curtis Katz, appellant.
Stanley Alter for Thunderbird Realty Company and others, appellants.
Robert Abrams, Attorney-General (Gerald J. Hurwitz and Shirley Adelson Siegel of counsel), respondent pro se.
Steven M. Hayes for Teddy Roth and others, amici curiae.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES, WACHTLER, FUCHSBERG and MEYER concur.
*1017 MEMORANDUM.
The order of the Appellate Division should be affirmed, without costs and without prejudice to an application by respondents to Special Term for the vacation of the injunction order of March 19, 1980 in light of the commencement of the plenary action.
The Appellate Division has the same discretion as does Special Term in deciding whether an injunction order should be vacated and may, by way of reviewing the action of Special Term, modify its order in the exercise of discretion even though it cannot be said that Special Term abused its discretion (Kover v Kover, 29 N.Y.2d 408, 415, n 2; Phoenix Mut. Life Ins. Co. v Conway, 11 N.Y.2d 367, 370-371; O'Connor v Papertsian, 309 N.Y. 465, 471). Its order of April 28, 1981 is, therefore, "a discretionary decision outside our power of review" (Gutin v Mascali & Sons, 11 N.Y.2d 97, 99).
Nor can we agree with respondents that an injunctive order issued pursuant to section 354 of the General Business Law expires eo instanti with the commencement of a section 353 plenary action. Because an injunction application can be made in the plenary action, there will generally be no reason for continuance of a section 354 injunction after a section 353 action has been begun and the Attorney-General has had an opportunity to seek an injunction in the plenary action. It would, however, be inconsistent with the purpose of the statute to terminate the section 354 injunction at the moment the plenary action papers are served. Those against whom a plenary action is begun are sufficiently protected against being whipsawed between two overlapping and possibly not entirely consistent orders by the right to move for dissolution of the section 354 order once the section 353 action has been begun.
Order affirmed in a memorandum, without costs and without prejudice to an application by respondents-appellants to Special Term for the vacation of the injunction order of March 19, 1980.