In the Matter of STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent-Appellant, v FORD MOTOR COMPANY, Appellant-Respondent.

Third Department, March 31, 1988

## APPEARANCES OF COUNSEL

*Hughes, Hubbard & Reed (Philip A. Lacovara* of counsel), for appellant-respondent.

*Robert Abrams, Attorney-General (Thomas. G. Conway* of counsel), for respondent-appellant.

## OPINION OF THE COURT

MAHONEY, P. J.

Respondent manufactures automobiles and light trucks and distributes them throughout the United States. Respondent maintains no final vehicle assembly plants in New York, but ships to New York dealerships vehicles manufactured elsewhere. Respondent's general policy is to offer a uniform standard warranty for its vehicles regardless of where in the Unites States they are sold. The basic warranty states that respondent will repair, replace or adjust parts, except tires, found to be defective in factory materials or workmanship for the first 12 months or 12,000 miles of use, whichever occurs first. Once this basic warranty expires, respondent provides an extended limited warranty which covers defects in the power-train and certain other major components. The duration of

this extended limited warranty varies with the vehicle's model and year. Under the extended limited warranty, purchasers are, with certain exceptions, required to pay the first $100 of repair charges for each covered visit.

In March 1986 petitioner commenced this proceeding pursuant to Executive Law § 63 (12) against respondent alleging that its use of the $100 deductible as part of the extended limited warranty during the first two years or 18,000 miles violated provisions of the New Car Lemon Law (General Business Law § 198-a). Petitioner sought a declaration to that effect, injunctive relief prohibiting the practice and restitution for consumers who had paid the deductible. Respondent moved to dismiss the proceeding for failure to state a cause of action. Supreme Court converted the motion into one for summary judgment, and granted the declaratory and injunctive relief sought by petitioner. However, Supreme Court denied the request for restitution. Respondent appeals, and petitioner cross-appeals from so much of the judgment as denied restitution.

Executive Law § 63 (12) provides petitioner with a right of action to enjoin any person from engaging in "repeated fraudulent or illegal acts or otherwise demonstrat[ing] persistent fraud or illegality in the carrying on, conducting or transact-[ing] of business". Petitioner contends that respondent's warranty practices violate the New Car Lemon Law (General Business Law § 198-a) and, thus, are illegal within the meaning of Executive Law § 63 (12).

■ Initially, we must resolve exactly what is at issue in this proceeding. At the time this proceeding was commenced, General Business Law § 198-a (b) read: "If a new motor vehicle does not conform to all applicable express warranties during the first eighteen thousand miles of operation or during the period of two years following the date of original delivery of the motor vehicle to such consumer, whichever is the earlier date, the consumer shall during such period report the nonconformity, defect or condition to the manufacturer, its agent or its authorized dealer. If the notification is received by the manufacturer's agent or authorized dealer, the agent or dealer shall within seven days forward written notice thereof to the manufacturer by certified mail, return receipt requested. The manufacturer, its agent or its authorized dealer shall correct said nonconformity, defect or condition at no charge to the consumer, notwithstanding the fact that such repairs are made after the expiration of such period of operation or such

two year period" (L 1983, ch 444).[1] General Business Law § 198-a (a) (3) provides: " 'Manufacturer's express warranty' or 'warranty' means the written warranty, so labeled, of the manufacturer of a new automobile, including any terms or conditions precedent to the enforcement of obligations under that warranty." In the instant case, during the first 12 months or 12,000 miles, respondent's basic warranty essentially covers the entire automobile at no cost to the consumer. The problem in statutory interpretation concerns that period of time after the expiration of the basic warranty but before the expiration of the two-year or 18,000-mile period set forth in the statute (hereinafter the statutory period). During that period of time the extended limited warranty is in effect. Such warranty is inferior to the basic warranty in that it generally applies only to the powertrain and, when it applies, it imposes a $100 deductible. Applying the statute to respondent's two warranties, two issues arise. First, where a nonpowertrain problem occurs during the statutory period, such that the extended limited warranty does not apply, does General Business Law § 198-a (b) operate to extend the basic warranty to two years or 18,000 miles? Second, where a problem arises during the statutory period which is covered by the extended limited warranty, does the statute allow respondent to impose a $100 deductible? A reading of the petition makes it clear that petitioner was only raising the latter issue. Thus, to the extent that the judgment appealed from passes on the former issue, it must be set aside as beyond the scope of this proceeding.

■ Turning to the issue of respondent's imposition of a $100 deductible as part of its extended limited warranty, respondent argues that such is simply a term or condition precedent of the warranty. The statute defines warranty to include terms or conditions precedent (General Business Law § 198-a [a] [3]). However, the statute also specifically provides that repairs made pursuant to an express warranty during the first two years or 18,000 miles must be performed "at no charge to the consumer" (General Business Law § 198-a [b]). It is hard to envision a more clear statement of legislative intent. Obviously, an automobile manufacturer cannot include as a term or condition precedent to its warranty something which is expressly forbidden by the statute. Thus, Supreme Court

1. The statute was amended in 1986 by deleting the word "applicable" (L 1986, ch 799, § 3).

properly held that it was unlawful for respondent to impose a $100 deductible as part of the extended limited warranty during the statutory period.[2]

A reading of respondent's brief reveals that its constitutional challenges to the statute deal with Supreme Court's holding regarding the statute's extension of the basic warranty. Since we have set aside that part of the judgment on the ground that the issue was not before the court, we need not consider such constitutional challenges.

■ Finally, we turn to petitioner's cross appeal challenging Supreme Court's denial of the request for restitution. Executive Law § 63 (12), which provides a right of action to petitioner where a person engages in repeated fraudulent or illegal acts or otherwise demonstrates persistent fraud or illegality in the carrying on of business, specifically provides for restitution as an available remedy. The statute, though, does not mandate restitution, leaving the award of such relief to the discretion of the court. In this case, Supreme Court found that respondent had not intentionally engaged in consumer fraud and that requiring respondent to locate and repay consumers who paid the deductible would be a cost ultimately borne by new car purchasers. Initially, we note that proof of fraud, scienter or bad faith is not required for an award of restitution (see, Matter of Lefkowitz v Bull Inv. Group, 46 AD2d 25, 28, lv denied 35 NY2d 647; Matter of Lefkowitz v E. F. G. Baby Prods. Co., 40 AD2d 364, 367). More appropriate are factors such as unjust enrichment and the relative advantages and burdens of fashioning a restitution remedy. Here, since respondent unlawfully collected the $100 deductible in certain situations, it has been unjustly enriched. Further, because the charge of a $100 deductible was illegal, any customer who paid such deductible has a cause of action against respondent. Thus, an award of restitution would not be a cost to respondent so much as it would be a vehicle by which aggrieved consumers could recover the money which is due them without resorting to costly litigation. We choose to exercise our discretion (see, Matter of Attorney-General of State of N. Y. v Katz, 55 NY2d 1015, 1017) and order restitution. Respondent may have records of the consumers who paid

2. We note that General Business Law § 198-a (b) deals not only with repairs made during the statutory period, but also those made after such period where notification of the defect was made before the expiration of the statutory period. Supreme Court's holding must, therefore, be modified in that respect.

the deductible. If not, it would not be impracticable to give purchasers during the relevant time period a general notice and a time period to come forward. The matter is remitted to Supreme Court to fashion an appropriate restitution procedure.

KANE, CASEY, WEISS and MERCURE, JJ., concur.

Judgment modified, on the law and the facts, without costs, by (1) amending the first decretal paragraph to apply to warranty repairs made to correct a nonconformity, defect or condition reported by a consumer to respondent, its agent or authorized dealer, where such notification was given during the first 18,000 miles of operation or during the period two years from the date of delivery to the consumer, whichever occurs first, (2) striking so much of the second decretal paragraph as denied petitioner's request for restitution, and (3) striking the fourth decretal paragraph; it is declared that respondent violated General Business Law § 198-a by requiring consumers to pay the first $100 for warranty repair work for each covered visit pursuant to its extended limited warranty where the consumer notified respondent, its agent or its authorized dealer of the nonconformity, defect or condition during the first 18,000 miles of operation or during the period of two years following the date of original delivery of the motor vehicle to such consumer, whichever occurs first; petitioner's request for restitution is granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.