OPINION OF THE COURT
 

 Bellacosa, J.
 

 New York’s "Lemon Law”, enacted in 1983, represents this State’s comprehensive program to protect consumers purchasing new cars (General Business Law § 198-a [L 1983, ch 444]). Pertinently, it prohibits motor vehicle manufacturers from charging for warranty-covered repairs made during the earlier of the vehicle’s first two years or 18,000 miles (General Business Law § 198-a [b]). We are called upon to determine whether that statute is violated when an automaker requires a new car owner to pay a $100 deductible against the cost of covered warranty repairs. We hold that the deductible charging practice violates the Lemon Law. We also uphold the constitutionality of the statute in this respect and verify the authority of the Appellate Division of the Supreme Court to review and to grant the discretionary remedy of restitution.
 

 Appellant Ford Motor Company issues a two-stage warranty for its new automobiles and light trucks. In its primary stage, the basic warranty covers the entire vehicle (except tires) and is effective for the vehicle’s first year or 12,000 miles, whichever occurs first. Repairs covered by this primary warranty, by its terms, are cost-free to consumers. Solely at issue is the $100 deductible facet of Ford’s extended warranty, which applies for the remainder of the statutory period, i.e., the earlier of the vehicle’s second year or 18,000th mile. The extended warranty reduces the protections of the primary warranty in two ways: coverage is limited to the powertrain and certain other major components, and the first $100 towards the cost of any repair is imposed against the vehicle owner.
 

 Respondent Attorney-General brought a special proceeding under Executive Law §63 (12) seeking to enjoin the automaker from charging the deductible and requesting restitution for those who had already paid it. Supreme Court declared the deductible to be in violation of the express warranty provision of the Lemon Law (General Business Law § 198-a [b]). The Appellate Division upheld the judgment in that respect and also granted the Attorney-General’s petition for restitution and a refund program.
 

 We first address the issue whether Ford may impose a
 
 *500
 
 deductible on repairs covered by thé extended warranty during the period governed by General Business Law § 198-a (b). It is undisputed that Ford’s extended warranty is within the purview of the Lemon Law, which defines a warranty as "including any terms or conditions precedent to the enforcement of obligations under that warranty” (General Business Law § 198-a [a] [3]). Ford argues that its $100 charge is a "condition precedent” to the ignition of its extended warranty obligations and is therefore in compliance with New York’s Lemon Law.
 

 Our cardinal function in interpreting a statute should be to " 'attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used’ ”
 
 (Doctors Council v New York City Employees’ Retirement Sys.,
 
 71 NY2d 669, 674-675, quoting
 
 Patrolmen’s Benevolent Assn. v City of New York,
 
 41 NY2d 205, 208). It is difficult to imagine the disputed $100 deductible being more easily resolved than by the Legislature’s plain expression: When a new motor vehicle does not conform to all express warranties for the earlier of its first two years or 18,000 miles, "[t]he manufacturer * * * shall correct said nonconformity
 
 * * * at no charge
 
 to the consumer” (General Business Law § 198-a [b] [emphasis added]).
 

 Yet, the automaker would interpose a condition precedent, "an act or event, other than a lapse of time, which must exist or occur before a duty to perform a promised performance arises” (Calamari & Perillo, Contracts § 11-2, at 438 [3d ed]). By its expressly warranting the performance of the power-train and other major components during the extended portion of the statutory period, there arose, however, by operation of the Lemon Law, an
 
 unconditional
 
 duty by Ford to repair any warranted nonconformities (an apparent euphemism for defect) "at no charge” to the consumer. Even if the deductible can be legally transformed into a condition precedent, it would be in direct contravention of the legislative expression and intent found in the statute itself. Moreover, the automaker’s characterization is not even so described in the terminology of the written extended warranty between the parties. It simply reads: "You will be required to pay the first $100 of the warranty repair charge for each covered visit”.
 

 The Lemon Law’s legislative history further supports the conclusion that warranty-covered repairs must be made free of
 
 *501
 
 charge to the owner if the "nonconformity” occurs during the earlier of the vehicle’s first two years or 18,000 miles
 
 (see, e.g.,
 
 Mem of New York City’s Legislative Representative, 1983 McKinney’s Session Laws of NY, at 2554-2555). To accept appellant automaker’s condition precedent theory would drain the statute of a central and significant consumer protection, in effect setting the stage to swallow the rule by allowing automakers to impose other unilateral charges for warranty-covered repairs merely by sticker-labeling them "conditions precedent”.
 

 The important public policy consumer statutory protection at issue here would be contradicted by imposing on it a legal condition precedent. We are obligated to insure faithfulness to the protections afforded by the statute so that our rulings do not add jurisprudential insult to the consumer injury sustained by the purchase of a defective and unsatisfactory product.
 

 On a second rung, Ford attacks the Appellate Division’s order of restitution, objecting to the grant of that relief by that court in the first instance. As appellant frames it, the Appellate Division acted ultra vires because Supreme Court did not abuse its discretion by denying restitution, making that denial conclusive and unalterable. The fundamental fallacy of appellant’s approach is that the Appellate Division of Supreme Court "possesses] coordinate authority”
 
 (State of New York v Barone,
 
 74 NY2d 332, 336) with the trial court on all questions of fact and law (NY Const, art VI, §4;
 
 see, Merritt Hill Vineyards v Windy Hgts. Vineyard,
 
 61 NY2d 106, 110-111; CPLR 5501 [c];
 
 Broida v Bancroft,
 
 103 AD2d 88, 93 [per Titone, J. P.: "(We) are not limited to determining whether Special Term abused its discretion * * * (and) may exercise discretion independently”];
 
 see also,
 
 Project,
 
 The Appellate Division of the Supreme Court of New York: An Empirical Study of its Powers and Functions as an Intermediate Court,
 
 47 Fordham L Rev 929, 930).
 

 To bolster its unorthodox premise that de novo relief in the Appellate Division requires a finding of abuse of discretion in the Supreme Court as a kind of condition precedent to the exercise of the Appellate Division’s plenary review jurisdiction, Ford adverts to this being an Executive Law § 63 (12) action. There is no support and no reason for exempting proceedings under the Executive Law from the ordinary jurisdictional purview of this State’s principal intermediate appel
 
 *502
 
 late court. Executive Law § 63 (12) is the procedural route by which the Attorney-General may apply to Supreme Court for an order enjoining repeated illegal or fraudulent acts. The statute expressly provides that such an injunction, if granted, may also direct restitution. Appellant should take little solace from the truism that the application for, or award of, restitutionary relief is not mandatory, because neither is there anything in the particular statute reposing an exclusive and nonreviewable discretionary choice in the nisi prius court. Without question, "[a]n application by the Attorney-General for remedial orders under subdivision 12 of section 63 is addressed to the sound judicial discretion of the court”
 
 (State of New York v Princess Prestige Co.,
 
 42 NY2d 104, 108), but once that court makes its ruling, it is likewise an unassailable proposition that the initial adjudication is reviewable in a plenary fashion by the appellate level of the Supreme Court itself. We recognize a limitation in review power at our level, of course, where we are powerless "absent an exercise of discretion * * * so egregious that it can be characterized as an abuse as a matter of law”
 
 (Majauskas v Majauskas,
 
 61 NY2d 481, 493-494, citing
 
 Patron v Patron,
 
 40 NY2d 582). But the Appellate Division’s discretionary grant of restitution for consumers who had paid the forbidden deductible was not so encumbered and cannot be said to be beyond its traditional and customary powers.
 

 The third issue advanced by appellant — the constitutionality of the Lemon Law in respect to the deductible at issue— is complicated by a threshold procedural concern. In deciding that appellant’s constitutional argument was not properly before it, the Appellate Division engaged in a technical analysis of the interplay of the primary and extended warranties. As it turns out, that approach is irrelevant to the preliminary question as to whether the constitutional question in the particular aspect at issue in this case remains in the case. Close but careful examination manifests the constancy from the onset in this litigation of the constitutional challenge to the statutory prohibition of a $100 deductible. That being so, we should resolve it as part of the appeal before us on our grant of the motion for leave to appeal.
 

 The governing propositions may be briefly stated. A State statute regulating commercial activity is burdened by constitutional limitations as to its effects on interstate commerce. Congress has reserved to it the "[p]ower * * * [t]o regulate Commerce * * * among the several States” (US Const, art I,
 
 *503
 
 § 8, cl 3). Thus, if a State statute "directly regulates or discriminates against interstate commerce, or when its effect is to favor in-state interests over out-of-state interests”, a violation of the Commerce Clause occurs
 
 (Brown-Forman Distillers v New York Liq. Auth.,
 
 476 US 573, 579). The United States Supreme Court further instructs, however, that when "a statute has only indirect effects on interstate commerce and regulates evenhandedly, we have examined whether the State’s interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits”
 
 (id.).
 

 The question is whether the Commerce Clause has been violated only with respect to the charging of a deductible for a warranty-covered repair during the period covered by General Business Law § 198-a (b). We conclude it has not been inasmuch as there is no attempt at direct regulation, no discriminatory effect and no in-State favoritism by the "at no charge” requirement as limited to vehicles sold and registered in New York State (General Business Law § 198-a [a] [2];
 
 see, Motor Vehicle Mfrs. Assn. v Abrams,
 
 720 F Supp 284 [SD NY, Aug. 16, 1989, Sand, J.] [upholding the constitutionality of the Lemon Law against a Commerce Clause challenge]).
 

 Also, balancing the State’s interest in the regulation against the burden it places on interstate commerce starts with the proposition that the express warranties accompanying new motor vehicles are surely contracts of adhesion. The terms are not negotiable and a purchaser is often left with the non-choice — "take it or leave it” — because it is virtually the same for all vehicles and all automakers. The "at no charge to the consumer” language of the New York Lemon Law credibly and understandably assures purchasers that a manufacturer’s express warranty will not be nullified by "the small print”. Weighed against this interest is Ford’s burden of fully reimbursing warranty-covered repairs on vehicles sold and registered in New York. In this computerized age, the "burden” of determining who is entitled to a full refund and who must pay a deductible cannot be anything but incidental, in the constitutional Commerce Clause sense.
 

 In sum, we hold that appellant’s imposition against consumers of a $100 deductible for repairs covered by the extended warranty violates section 198-a (b) of the General Business Law, which does not unconstitutionally burden interstate commerce. Also, the action pursuant to Executive Law § 63 (12) is not exempt from the general and plenary jurisdiction of
 
 *504
 
 the Appellate Division of the Supreme Court to impose a discretionary restitutionary remedy.
 

 Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.