■ In the Matter of STATE OF NEW YORK, Appellant, v GENE MAIORANO et al., Respondents, et al., Respondent.—In a proceeding pursuant to Executive Law § 63 (12), the petitioner State of New York appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated August 14, 1987, as denied the branch of the petition which was to compel the respondents-respondents to make restitution to certain consumer judgment creditors, and to satisfy all judgments against them.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, the branch of the petition which was to compel the respondents-respondents to make restitution and to satisfy all judgments against them, is granted, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings, and for the entry of an appropriate judgment in accordance herewith.

Executive Law § 63 (12) is the procedural route by which the Attorney-General may apply to the Supreme Court to enjoin repeated illegal or fraudulent acts by any person or persons conducting a business enterprise in New York. The statute also permits the court, in the exercise of its discretion, to order restitution in conjunction with injunctive relief *(see, Matter of State of New York v Ford Motor Co.,* 74 NY2d 495, 502, *affg* 136 AD2d 154; *State of New York v Princess Prestige Co.,* 42 NY2d 104, 108). In the case at bar, the Supreme Court has granted injunctive relief, but denied the petitioner's request for restitution to certain consumers who had previously secured their own money judgments. The court denied the requested relief because the consumer judg-

ment creditors "have available to them all of the statutory remedies for enforcement of a judgment".

In the exercise of our discretion (see, Matter of Attorney-General of State of N. Y. v Katz, 55 NY2d 1015, 1017), we direct restitution. That a consumer, who has been defrauded, may have other available enforcement remedies, should not preclude him or her from obtaining restitution in the instant proceeding (see, Matter of State of New York v Ford Motor Co., 136 AD2d 154, 158, affd 74 NY2d 495, supra). Executive Law § 63 (12) should be liberally construed in furtherance of its intended purpose, and we see no reason why the Attorney-General should not be able to obtain restitution on behalf of all consumers defrauded by the respondents-respondents (see, People v Hamilton, 125 AD2d 1000, 1001). We remit the matter to the Supreme Court to enter an appropriate judgment (see, Matter of State of New York v Ford Motor Co., supra). Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.