■ THE PEOPLE OF THE STATE OF NEW YORK by ELIOT SPITZER, as Attorney General of the State of New York, Respondent, v GENERAL ELECTRIC COMPANY, INC., Appellant. [756 NYS2d 520] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about July 30, 2001, which, upon findings that respondent General Electric Company (GE) had engaged in deceptive practices violative of Executive Law § 63 (12) and General Business Law § 349, set forth procedures pursuant to which GE would compensate certain consumers who had purchased replacements for GE's defective dishwashers, unanimously affirmed, without costs. Order, same court and Justice, entered April 8, 2002, which denied GE's motion to renew and granted its motion to reargue but, upon reargument, adhered to its prior orders, except that it allowed GE, under certain circumstances, to move for a hearing as to the eligibility of an individual consumer for restitution, and order, same court and Justice, entered April 16, 2002, which, inter alia, granted petitioner's motion to enjoin GE from representing that the defective dishwashers could not be repaired, directed GE to contact consumers who had previously requested a repair but had not received one, and directed GE to publish advertisements in newspapers announcing the availability of repairs, unanimously affirmed, without costs.

Petitioner Attorney General brings this proceeding under Executive Law § 63 (12) and General Business Law § 349 to obtain injunctive relief and restitution on behalf of consumers allegedly damaged by representations made by respondent GE to the effect that certain defective dishwashers it manufactured were not repairable. Under section 63 (12), the test for fraud is whether the targeted act has the capacity or tendency to deceive, or creates an atmosphere conducive to fraud (*see e.g. State of New York v General Motors Corp.*, 120 Misc 2d 371, 374 [1983]; *People v Life Science Church*, 113 Misc 2d 952, 963 [1982], *appeal dismissed* 93 AD2d 774 [1983], *lv denied* 61 NY2d 604 [1984], *cert denied* 469 US 822 [1984]; *Matter of State of New York v Colorado State Christian Coll. of Church of Inner Power*, 76 Misc 2d 50, 56 [1973]). Executive Law § 63 (12) was meant to protect not only the average consumer, but also "the ignorant, the unthinking and the credulous" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 273 [1977]).

In contrast, under General Business Law § 349, the plaintiff must prove that the challenged act or practice "was misleading in a material way" (*Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]), and "the deceptive practice must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances' " (*id.*, quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26 [1995]).

The statements made by GE satisfy both standards. The distinction that GE seeks to draw between "repair" on the one hand and "rewire" on the other is artificial, and is belied by GE's own past usage of these terms (*e.g.*, in the Amendment to the Settlement Agreement between GE and the Consumer Product Safety Commission [CPSC] and in GE's answer to the verified petition). Even if, according to some dictionary definition of "repair," GE's statement that repairs were not an option were literally true, literal truth is not an availing defense in light of the evident capacity of the representations at issue to mislead even reasonable consumers acting reasonably under the circumstances (*see Matter of Lefkowitz v E.F.G. Baby Prods. Co.*, 40 AD2d 364, 368 [1973]). Nor did GE's statement "comport substantively with" the statements approved by the CPSC (*see Cytyc Corp. v Neuromedical Sys., Inc.*, 12 F Supp 2d 296, 301 [1998]).

GE's actions with respect to the supplemental recall satisfy the standards for consumer fraud because, even after GE and the CPSC agreed that GE would offer consumers free repairs, GE or its representatives told some consumers that free rewiring was not available. Although GE argues that it conducted its supplemental recall in good faith, neither bad faith nor scienter is required under Executive Law § 63 (12) (*see e.g. People v Apple Health & Sports Clubs*, 206 AD2d 266, 267 [1994], *lv dismissed in part and denied in part* 84 NY2d 1004 [1994]; *Matter of State of New York v Ford Motor Co.*, 136 AD2d 154, 158 [1988], *affd* 74 NY2d 495 [1989]). Similarly, intent to defraud or mislead is not required under General Business Law § 349 (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26).

Because the letters the IAS court found deceptive were not approved by the CPSC, General Business Law § 349 (d) does not bar this proceeding (*see e.g. Marcus v AT & T Corp.*, 938 F Supp 1158, 1173 [1996], *affd* 138 F3d 46 [1998]). Furthermore, making deceptive statements cannot be considered *compliance* with federal rules, regulations, and statutes, as required by General Business Law § 349 (d) (*cf. Matter of State of New York v Interstate Tractor Trailer Training*, 66 Misc 2d 678, 681 [1971]).

GE's argument that section 349 (d) bars claims based on the supplemental recall is also unavailing. The Attorney General's office sent the CPSC its proposed injunction order, which relates to the supplemental recall program; the CPSC said it had no objections.

The affidavits GE submitted do not raise a triable issue of fact. They do not deny that the conversations, related in the consumer complaints and affidavits, occurred. Instead, GE's affidavits say that it instructed the company, which it chose to staff the recall telephone line (West Telemarketing Corp.), not to deviate from the CPSC-approved script, and that various GE and West quality assurance supervisors listened to *selected* conversations, not all of them.

Even though GE voluntarily ceased its deceptive practices, the IAS court in the context of this consumer protection proceeding nonetheless retained the power to grant injunctive relief (*see State of New York v Midland Equities of N.Y.,* 117 Misc 2d 203, 206-207 [1982]; *Matter of State of New York v Hotel Waldorf-Astoria Corp.*, 67 Misc 2d 90, 91-92 [1971]). Since GE is presently complying voluntarily with the entire April 16, 2002 injunction, except the publication requirement, the bulk of the injunction will not cause it prejudice (*see Interstate Tractor Trailer,* 66 Misc 2d at 683; *Matter of State of New York v Bevis Indus.,* 63 Misc 2d 1088, 1092 [1970]).

The publication which the injunction directs will not harm GE, since it is, as a practical matter, the same as the one previously approved by the CPSC. It is needed because GE is unlikely to have contact information for those people who called for a free repair but were disconnected (*see State of New York v Ford Motor Co.*, 136 AD2d at 158-159). The risk of fire renders it especially important to reach any remaining consumers who have not yet repaired or replaced their defective dishwashers.

The authority to direct restitution includes the authority to order respondents to notify consumers of the right to seek restitution (*State of New York v Princess Prestige*, 42 NY2d 104, 108 [1977]).

GE's proposed formula for restitution rests on its contention that the recalled dishwashers were at the end of their useful lives. However, this is contradicted, inter alia, by the fact that GE was urging consumers to renew service contracts on old dishwashers while contemporaneously trying to induce consumers to buy new dishwashers. The IAS court's restitution formula forces consumers to absorb some costs, such as the cost of installing their new machines and disposing of the old ones. The remedy that the IAS court fashioned is reasonable

and within the court's sound discretion. GE, whose deceptive practices caused damages to so many consumers, can now hardly complain that petitioner has not quantified actual damages with exactitude (*see generally id.; In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 FRD 493, 527 [1996]).

Finally, since the recall provided for indirect notice, GE can be held liable for the statements of third parties, such as its retailers and distributors, who had actual or apparent authority to make statements about the recall (*see Federal Trade Commn. v Five-Star Auto Club, Inc.*, 97 F Supp 2d 502, 527, 530 [2000]). Concur—Saxe, J.P., Ellerin, Lerner and Marlow, JJ.