Matter of Sahara Constr. Corp. v New York City Off. of Admin. Trials & Hearings (2020 NY Slip Op 03715)





Matter of Sahara Constr. Corp. v New York City Off. of Admin. Trials & Hearings


2020 NY Slip Op 03715


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11408 154956/18

[*1] In re Sahara Construction Corp., Petitioner-Appellant,
v
The New York City Office of Administrative Trials and Hearings, et al., Respondents-Respondents.


Leavitt, Kerson & Sehati, Forest Hills (Paul E. Kerson of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered on or about November 9, 2018, which denied the petition to annul the determination of respondent Office of Administrative Trial and Hearings (OATH), dated December 5, 2017, finding that petitioner violated a home improvement contract and imposing a civil penalty and ordering restitution, and granted respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court correctly found that petitioner failed to exhaust its administrative remedies (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Nayci Contr. Assoc., LLC v New York City Dept. of Consumer Affairs, 170 AD3d 435 [1st Dept 2019]). The OATH rules provide explicitly that a party seeking to challenge a hearing officer's determination must first exhaust the OATH appeals process outlined in 48 RCNY 6-19. Among other requirements, the appealing party must show that it has paid in full any "fines, penalties or restitution imposed by the decision" (48 RCNY 6-19[c], as amended 6-19[a][1][iii]). While OATH may waive the payment of "fines" or "penalties" if the appealing party demonstrates a financial hardship, the rules are explicit that OATH is not permitted to waive an order of "restitution" as a condition of the appeal (48 RCNY 6-19[d][2], as amended 6-19[b][2]). Instead, if a hearing officer has "ordered payment of restitution," the appealing party "must, prior to or at the time of filing the appeal, submit proof that [it] has deposited the amount of restitution with the agency responsible for collecting payment, pending determination of the appeal" (id.). Petitioner has not done so, and thus has failed to exhaust its administrative remedies (see Matter of Nayci, 170 AD3d at 436).
We do not reach petitioner's claim on appeal that the restitution order constitutes a constitutionally excessive fine. Although exhaustion is not required where a party challenges the agency's actions as unconstitutional (Watergate II Apts., 46 NY2d at 57), petitioner made no excessive fine challenge below. "[M]erely asserting a constitutional violation will not excuse a litigant from first pursuing administrative remedies that can provide the requested relief" (Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995], cert denied 516 US 944 [1995]). Thus, "[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established" (id.). Petitioner has failed to do that here, and has not established that it was otherwise exempt from the exhaustion requirement (Watergate II Apts., 46 NY2d at 57).
Although neither specifically preserved nor raised on appeal, we are troubled by the constitutional ramifications of an administrative tribunal insulating its decision by making judicial review contingent on satisfaction of its order, including, as here, the payment of money [*2](see Burns v Ohio, 360 US 252 [1959] [invalidating state requirement that indigent defendants pay fee before filing notice of appeal of conviction]). It seems patently unfair to force a litigant to pay restitution as a condition for filing an appeal where the litigant has received a waiver of prior payment of his fine due to financial hardship (see 48 RCNY 6-19[a][1][iii][B]). Petitioner here is excused from paying a $5,000 fine as a condition to filing an appeal based on financial hardship, but, notwithstanding its financial hardship, it is forced to pay almost a quarter of a million dollars ($234,152.57) before it can file an appeal. Under this system, if you do not have the financial means to pay, you cannot come into court and seek review regardless of the merits of the challenged administrative determination (compare 48 RCNY 6-19[a][1][iii] with OATH's rules applicable to violations of laws or regulations enforced by the taxi and limousine commission, 48 RCNY 5-04[b] ["Pursuant to Administrative Code § 19-506.1(c), a Respondent will not be required to pay the fines, penalties, or restitution imposed in the decision in order to file a timely appeal"]). Nonetheless, because this constitutional issue was not fully briefed before us, we do not decide it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK