Matter of People v Orbital Publ. Group, Inc. (2021 NY Slip Op 02616)





Matter of People v Orbital Publ. Group, Inc.


2021 NY Slip Op 02616


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 451187/15 Appeal No. 13719 Case No. 2020-03013 

[*1]In the Matter of People of the State of New York by Letitia James, Attorney General of the State of New York Petitioner-Respondent,
v
Orbital Publishing Group, Inc., et al., Respondents, Lydia Pugsley, Individually and as Principal of Adept Management, Inc., Respondent-Appellant.


Lennon & Klein, P.C., New York (David P. Lennon of counsel), for appellant.
Letitia James, Attorney General, New York (Caroline A. Olsen of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about December 9, 2019, which, to the extent appealed from, permanently enjoined respondent Lydia Pugsley individually from violating Executive Law § 63(12) and General Business Law (GBL) §§ 349 and 350 and from engaging in the fraudulent, deceptive, and illegal practices alleged in the verified petition and held her liable jointly and severally with the nonappealing respondents for monetary restitution, unanimously affirmed, without costs.
This Court's prior holding that petitioner was entitled to judgment as a matter of law against respondent Pugsley individually (Matter of People v Orbital Publ. Group, Inc., 169 AD3d 564, 566 [1st Dept 2019] [Orbital I]) is law of the case on the issue of Pugsley's individual liability (Board of Mgrs. of the Charles St. Condominium v Seligson, 106 AD3d 130, 135 [1st Dept 2013]). Pugsley has pointed to no new evidence or other factor warranting deviation from this holding (see id.). Pugsley's due process argument is unpreserved and in any event without merit.
Pugsley's argument that the judgment violates the Excessive Fines Clause of the Eighth Amendment is unpreserved (see Matter of Sahara Constr. Corp. v New York City Off. of Admin. Trials & Hearings, 185 AD3d 401, 402 [1st Dept 2020]) and in any event unavailing. The Excessive Fines Clause does not apply to the restitution portion of the monetary judgment (see Browning-Ferris Indus. of Vt., Inc. v Kelco Disposal, Inc., 492 US 257 [1989]; United States Commodities Futures Trading Commn. v Escobio, 833 Fed Appx 768, 773 [11th Cir 2020]). The penalty portion passes constitutional muster because the penalties imposed are well within statutory limits (see Newell Recycling Co., Inc. v United States Envtl. Protection Agency, 231 F3d 204, 210 [5th Cir 2000], cert denied 534 US 813 [2001]; Qwest Corp. v Minnesota Pub. Util. Commn., 427 F3d 1061, 1069 [8th Cir 2005]). Nor is the total amount of the monetary judgment "grossly disproportional" to the offense (Matter of Prince v City of New York, 108 AD3d 114, 121 [1st Dept 2013]). Pugsley was at the heart of a years'-long scheme that deceptively wrested tens of millions of dollars from consumers across the country, including tens of thousands of New Yorkers. The total monetary judgment, while significant, is commensurate with the offense.
The amount of restitution was determined by calculations and extrapolations that were reasonably certain and reliable and reasonable under the circumstances (see Tobin v Union News Co., 18 AD2d 243, 245 [4th Dept 1963], affd 13 NY2d 1155 [1964]).
Supreme Court providently exercised its discretion in awarding the statutory allowance of $2,000 for each of the 11 appearing respondents and holding Pugsley individually liable for the aggregate sum (see CPLR 8303[a][6]).
We have considered Pugsley's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021