People v Image Plastic Surgery, LLC (2022 NY Slip Op 06181)

People v Image Plastic Surgery, LLC

2022 NY Slip Op 06181

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 450389/19 Appeal No. 16607 Case No. 2022-00277 2022-00297 

[*1]The People of the State of New York by Letitia James, Attorney General of the State of New York, Plaintiff-Respondent,
v
Image Plastic Surgery, LLC Doing Business as Park Avenue Stem Cell et al., Defendants-Appellants. 

Richard Jaffe, New York, for appellants.
Letitia James, Attorney General, New York (Dennis Fan of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered November 24, 2021, to the extent appealed from as limited by the briefs, awarding $1,193,150 in restitution and assessing $2,962,500 in civil penalties against defendants, and bringing up for review an order, same court and Justice, entered October 4, 2021, which granted plaintiff's motion for summary judgment, unanimously modified, on the law and as a matter of discretion, to reduce the assessment of civil penalties to $285,000, and otherwise affirmed, without costs.
Plaintiff Attorney General of the State of New York (AG) brought this consumer protection action against defendants, asserting causes of action under General Business Law §§ 349 and 350 and Executive Law § 63(12). The AG's action is premised on defendants' advertising of autologous "SVF," a stem cell treatment that involves harvesting a patient's fat cells surgically, processing the cells, and injecting the resulting product back into the patient. The AG alleged that defendants misrepresented SVF's efficacy in treating various medical conditions, and also stated, falsely, that the SVF treatment was part of a study authorized or overseen by the U.S. Food and Drug Administration (FDA). The AG sought, among other things, restitution to patients who received SVF treatment, disgorgement of profits gained from SVF, and civil penalties.
The AG sufficiently established that defendants' advertising was materially misleading to consumers (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26 [1995]; People v General Elec. Co., 302 AD2d 314, 314-315 [1st Dept 2003]; see generally General Business Law §§ 349, 350; Executive Law § 63[12]). The evidence of materiality was premised on the substance of the alleged misrepresentations and deceptions — for example, defendants' statements that SVF could be used to effectively treat various medical conditions. Indeed, defendants do not meaningfully dispute that their representations regarding SVF's efficacy were materially misleading.
Furthermore, Supreme Court providently exercised its discretion in awarding restitution to the patients who received SVF treatment (see Matter of People v Applied Card Sys., Inc., 41 AD3d 4, 8-9 [3d Dept 2007], affd 11 NY3d 105 [2008], cert denied sub nom. Cross Country Bank, Inc. v New York, 555 US 1136 [2009]). The AG has established that those patients did not receive the benefit of their bargain with defendants because they did not receive treatment that was overseen by the FDA, affiliated with certain scientific and medical organizations, or recognized as effective in treating medical conditions. We reject defendants' contention that some consumers might have benefited from the treatment, essentially as a placebo, since any benefit received would be de minimis when compared to the treatment advertised (see Applied Card Sys., 41 AD3d at 9).
However, we exercise our discretion to reduce the assessment of civil penalties [*2]($2,500 per day for 1135 days — the approximate number of days defendants' website operated), since under these circumstances, the penalty is more properly connected to the number of consumers affected by the advertising (see e.g. Matter of State of New York v Ford Motor Co., 74 NY2d 495, 502 [1989]; Matter of People v Orbital Publ. Group, Inc., 193 AD3d 661, 662 [1st Dept 2021]; People v Nationwide Asset Servs., Inc., 26 Misc 3d 258, 284 [Sup Ct, Erie County 2009]; see generally GBL § 350-d).
We have considered defendants' remaining arguments and find them unavailing..
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022