Spota v Cicerone (2024 NY Slip Op 03840)

Spota v Cicerone

2024 NY Slip Op 03840

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-04621
 (Index No. 30951/12)

[*1]Thomas J. Spota, etc., respondent, 
v
Scott Cicerone, appellant, et al., defendants.

Metcalf & Metcalf, P.C., New York, NY (Steven A. Metcalf II of counsel), for appellant.
Raymond A. Tierney, District Attorney, Hauppauge, NY (Joseph J. McCarthy, Jr., of counsel), for respondent.

DECISION & ORDER
In an action for civil forfeiture pursuant to CPLR article 13-A, the defendant Scott Cicerone appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 26, 2022. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015 to vacate so much of a judgment of the same court entered May 3, 2019, as was in favor of the plaintiff and against him in the total sum of $2,827,532.23.
ORDERED that the order is affirmed, with costs.
In October 2012, the plaintiff commenced this action for civil forfeiture pursuant to CPLR article 13-A to recover proceeds from criminal activity. The complaint alleged, inter alia, that the defendant Scott Cicerone obtained approximately $1,920,000 through the commission of criminal activity, including the sale and distribution of ketamine, and that the defendant Benjamin Records, Inc., a corporation owned and operated by Cicerone, was utilized to facilitate the drug sales and the money laundering of the criminal proceeds. Cicerone failed to appear or answer the complaint.
On March 23, 2016, in a separate criminal action, Cicerone pleaded guilty to conspiracy in the second degree, a class B felony, and admitted that he was a member of a criminal organization that was buying and selling ketamine. On March 15, 2017, Cicerone was sentenced to an indeterminate term of imprisonment of 4 to 12 years.
Thereafter, the plaintiff moved in this action, inter alia, for leave to enter a default judgment against Cicerone in the principal sum of $1,760,000, plus, among other things, statutory interest and costs. Cicerone failed to oppose the plaintiff's motion.
The Supreme Court granted the plaintiff's motion and issued a judgment, inter alia, in favor of the plaintiff and against Cicerone in the total sum of $2,827,532.23, which included the principal sum of $1,760,000, statutory interest, and costs. Thereafter, Cicerone moved among other things, pursuant to CPLR 5015 to vacate so much of the judgment as was entered against him "in the interest of justice." In an order dated April 26, 2022, the court denied Cicerone's motion. Cicerone appeals.
"Under CPLR 5015(a), a court is empowered to vacate a default judgment for several [*2]reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see CPLR 5015[a]; Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 938). "However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated, and a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (40 BP, LLC v Katatikarn, 147 AD3d 710, 711; see Woodson v Mendon Leasing Corp., 100 NY2d at 68; Wells Fargo Bank, N.A. v Choo, 159 AD3d at 938). Nevertheless, "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. Of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Neuman, 214 AD3d 952, 953). A court should only exercise its discretionary authority to vacate a judgment in the interests of substantial justice where "unique or unusual circumstances . . . warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Neuman, 214 AD3d at 953).
Here, "the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice" (Cox v Marshall, 161 AD3d at 1142; see Deutsche Bank Natl. Trust Co. v Neuman, 214 AD3d at 954). Contrary to Cicerone's contention, the plaintiff's calculation of the amount of the proceeds of the crime was not determined by mere speculation or guesswork (see generally Hynes v Dallas, 83 AD3d 896, 896). Further, the amount of the judgment did not constitute an unconstitutionally excessive fine in contravention to the Eighth Amendment of the United States Constitution (see County of Nassau v Canavan, 1 NY3d 134, 140; Matter of People v Orbital Publ. Group, Inc., 193 AD3d 661, 662).
Cicerone's remaining contentions are either improperly raised for the first time on appeal or without merit.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court