Matter of People of the State of New York v Sirius XM Radio Inc. (2025 NY Slip Op 06145)

Matter of People of the State of New York v Sirius XM Radio Inc.

2025 NY Slip Op 06145

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 453325/23|Appeal No. 5089|Case No. 2024-07931|

[*1]In the Matter of the People of the State of New York, etc., Petitioner-Appellant-Respondent,
v
Sirius XM Radio Inc., Respondent-Respondent-Appellant.

Letitia James, Office of Attorney General, New York (Blair Greenwald of counsel), for appellant-respondent.
Jones Day, New York (Mark R. Seiden of counsel), for respondent-appellant.

Order, Supreme Court, New York (Lyle E. Frank, J.), entered November 27, 2024, which denied petitioner's motion for summary judgment except as to the fifth cause of action and granted respondent's motion for summary judgment dismissing the petition except as to the fifth cause of action, unanimously affirmed, without costs.
In this proceeding, petitioner claims that respondent, a New York-based media company that offers satellite radio to consumers via subscriptions, requires consumers to "undergo a lengthy and burdensome" process in order to cancel a subscription "as a strategy for keeping as many consumers from cancelling as possible."
The court correctly determined that petitioner could not base its claims or seek recovery based on out-of-state consumers because all of the communications regarding their cancellations took place outside of New York (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 324 [2002]). The communications between out-of-state consumers and respondent's customer service representatives took place with respondent's representatives in the Philippines. Petitioner's contention that it is sufficient that the customer service representatives were overseen from New York and that the entire scheme was developed in New York is unavailing (see Goshen, 98 NY2d at 324 ["'hatching a scheme' or originating a marketing campaign in New York in and of itself [does not] constitute an actionable deceptive act or practice under the statute . . . the statute also require[s] that the consumer be deceived in New York"]). Petitioner's contentions that the territorial limitations set out in Goshen (id.) do not apply to actions by the Attorney General or to claims under Executive Law § 63(12) are unavailing.
The court correctly granted respondent's motion for summary judgment dismissing the claim under General Business Law § 527-a(2). Under the principal of ejusdem generis, the reference in General Business Law § 527-a(2) to "another cost-effective, timely, and easy-to-use mechanism" refers to a medium of communication, like the specific examples of a toll-free telephone number, email address, or postal address listed in the beginning of the sentence (see Matter of Avella v City of New York, 131 AD3d 77, 85 [1st Dept 2015], affd 29 NY3d 425 [2017]). The word "another" does not, as petitioner contends, refer to the nature of the cancellation process.
The court correctly granted respondent summary judgment dismissing petitioner's claims under General Business Law § 349 and Executive Law § 63(12). We agree with Supreme Court that the representation that consumers could cancel their subscription at any time was not deceptive under either statute (see People v General Elec. Co., 302 AD2d 314, 314-315 [1st Dept 2003]). Consumers could, in fact, cancel at any time, but they had to go through a customer representative who made various "save offers" to attempt to get them to maintain a subscription.
The court properly granted petitioner summary judgment on its claim pursuant to the Restore Online Shoppers' Confidence Act (15 USC § 8401 et seq.) Given the plain language, legislative history and case law interpreting 15 USC § 8403, we find that the requirement that a cancellation method be "simple" means that it is straightforward and convenient (see S Rep 111-240, 111th Cong, 2d Sess at 7; United States v MyLife.Com, Inc., 567 F Supp 3d 1152, 1169 [CD Cal 2021]). The multi-tiered script, multiple save offers, and pressure tactics to opt into a new plan render respondent's cancellation policy not simple, convenient, or even straightforward.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025