Matter of People of the State of New York v Leasing Expenses Co. LLC
2026 NY Slip Op 03645
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of People of the State of New York, by Letitia James, Attorney General of the State of New York, Petitioner-Respondent,
v
Leasing Expenses Company LLC, et al., Respondents-Appellants.

Decided and Entered: June 09, 2026
Index No. 452357/20|Appeal No. 6819-6820|Case No. 2024-06648, 2025-07110|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Parness Law Firm, PLLC, New York (Hillel I. Parness of counsel), for Leasing Expenses Company LLC, NLS Equipment Finance LLC, Ariel Schachter, Sara Krieger, Jay Cohen, Sara Yael Elias Cohen, Daniela Rachel Cohen, Miriam Abrams, Amy Friedman, Andrew Mezei and JS Ventures Holdings LLC, appellants.
Regosin, Edwards, Stone & Feder, New York (Saul E. Feder of counsel), for Leonard Mezei and Fieldston Capital LLC, appellants.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 6, 2025, to the extent appealed from as limited by the briefs, and bringing up for review, an order, Supreme Court, same court and Justice, entered on or about September 27, 2024, which granted petitioner's motion for an additional money judgment needed to satisfy respondents' restitution obligation to the victims of a continuing fraud in this special proceeding brought pursuant to Executive Law § 63(12), awarded $2,671,562.21 plus $106,716.10 in interest and $200 in costs and disbursements as against all respondents jointly and severally, for a total amount of $2,778,478.31, unanimously affirmed, without costs. Appeal from the aforementioned order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
We note that it was not best practice for the court first to contact the parties to schedule oral argument and then, after respondents' counsel requested a delay of oral argument to accommodate a religious observance, to change its mind and determine to decide the motion on submission. Nonetheless, on this record, we find no violation of due process resulting from Supreme Court's discretionary decision to consider the People's motion on submission (see Uniform Rules of Tria Cts [22 NYCRR] § 202.8[d]).
We also reject respondents' premise that it is appropriate to revisit the issues already determined in their prior appeal, wherein this Court upheld the findings of liability and the remedies imposed (see Matter of People v Leasing Expenses Co. LLC, 199 AD3d 521 [1st Dept 2021], affg People v Leasing Expenses Co. LLC, 2021 WL 775698, 2021 NY Misc LEXIS 69473 [Sup Ct, NY County 2021], lv denied 42 NY3d 953 [2024]). Indeed, this Court already denied reargument (see Matter of People v Leasing Expenses Co. LLC, 2022 NY Slip Op 61436[U] [1st Dept 2022]). An appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment ... provided that such non-final judgment or order has not previously beenreviewed by the court to which the appeal is taken" (CPLR 5501[a][1]). That the Court of Appeals denied leave to appeal from our prior decision does not entitle respondents to additional consideration of the same arguments already rejected by this Court (cf. NY Const art VI, § 3[b]; CPLR 5601[a],[b], 5602[a][1][i], 5611).
[*2]
Supreme Court providently granted restitution in the amount calculated by the People, which was based upon materials submitted by respondents for the court-ordered accounting (see Matter of State of New York v Ford Motor Co., 136 AD2d 154, 158 [3d Dept 1988], affd 74 NY2d 495 [1989]). The People moved for an additional monetary judgment as authorized by the nonfinal judgment, since the funds in escrow and in frozen bank accounts were insufficient to cover the restitution amount calculated (see People v Leasing Expenses Co. LLC, 2021 WL 775698, 2021 NY Misc LEXIS 69473, *7-8 [Sup Ct, NY County 2021]). Under the facts and circumstances of this case, "the formula the court fashioned for restitution" that offset the value of the leased equipment from the amount of liability, using the same per-item value as in the related proceeding, was "'reasonable and within the court's sound discretion'" (Matter of People v Northern Leasing Sys., Inc., 234 AD3d 419, 420 [1st Dept 2025], lv denied 44 NY3d 911 [2026], quoting People v General Elec. Co., 302 AD2d 314, 316-317 [1st Dept 2003]). Respondents Leonard Mezei and Fieldston Capital LLC, the only parties even contesting the People's calculations, fail to identify any valid basis to reject them and instead proffer speculative arguments.
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026